Trinette G. Kent (State Bar No. 025180)
Kent Law Offices
10645 N. Tatum Blvd., Ste. 200-192
Phoenix, AZ 85028
Telephone: 480-247-9644
Fax: 480-717-4781

Phillip A. Bock (pro hac vice to be submitted)
Tod A. Lewis (pro hac vice to be submitted)
James M. Smith (pro hac vice to be submitted)
BOCK & HATCH, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: (312) 658-5500
Fax: (312) 658-5555

Attorneys for Plaintiff, John Herrick,
individually and as the representative
of a class of similarly-situated persons

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN HERRICK, individually and as the representative of a class of similarly-situated persons, | |
| | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| GODADDY.COM, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, John Herrick ("Plaintiff"), brings this class action complaint against Defendant, GoDaddy.com, LLC ("Defendant"), to stop its practice of sending unsolicited text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and to recover statutory damages and other relief for those who received such text messages. Plaintiff's allegations are based on information and belief and the investigation of his counsel, except those pertaining to his own actions, which are based on personal knowledge.

## INTRODUCTION

1.     This case challenges Defendant's practice of sending commercial text messages without prior, written consent and without providing the proper disclosures in violation of federal law.

2.     On behalf of himself and all others similarly-situated, Plaintiff seeks statutory damages for each violation of the TCPA.

3.     According to a 2012 study by the Pew Research Center, 69% of cellular users who use text messaging receive unwanted text message spam, and "[o]f those texters, 25% face problems with spam/unwanted texts at least weekly." (Source: http://www.pewinternet.org/2012/08/02/mobile-phone-problems (last visited: November 20, 2015.)) Plaintiff is such a person who receives unwanted text messages.

4.      As part of an effort to promote its business, Defendant engaged in an especially aggressive and deleterious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

5.      Defendant's practice caused consumers actual harm, not only because the consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam, and such messages diminish battery life, waste data storage capacity, and are an intrusion upon privacy and seclusion.

6.      In order to redress these injuries, Plaintiff, on behalf of himself and the Class of similarly situated individuals described below, brings this suit under the TCPA, which specifically prohibits unsolicited calls to cell phones.

7.      As will be discussed, Defendant has sent text messages to consumers without their prior express written consent to receive such text messages, without providing the disclosures required by the TCPA, and in a manner that violates the privacy rights of Plaintiff and members of the Class.

8.      The TCPA was designed to prevent calls and messages like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff.

9.      On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unlawful text messages and Plaintiff seeks an award of statutory damages for himself and all other Class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

10.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA, a federal statute.

11.     Personal jurisdiction exists in Arizona because Defendant has its principal place of business and has transacted business and made or performed contracts substantially connected with the State.

12.     Venue is proper in the District of Arizona because Defendant resides in this District and a significant portion of the events took place here.

## PARTIES

13.     Plaintiff is an individual who resides in Troy, Michigan.

14.     Upon information and belief, Defendant is a Delaware corporation with its principal place of business in Scottsdale, Arizona.

# FACTS

15.    Short Message Service ("SMS"), more commonly know as "text messaging," is a popular means for communicating among cellular/wireless subscribers.

16.    The most common form of texting is person-to-person messaging. However, text messages may also be used by automated systems to facilitate the ordering of products and services from cellular phones or for participating in contests or other marketing programs.

17.    Businesses continually seek cost-effective ways to mass market their goods and services. The popularity of cellular phones and texting has created a marketing opportunity for businesses whose telemarketing efforts are limited by restrictions on telephone, facsimile, and email solicitations.

18.    Unlike conventional advertising, text message advertising requires the use of technology (cellular phones) owned and paid for by the text message recipients. Text message recipients often incur a charge for each incoming text message regardless of whether the message was authorized.

19.    At issue here, Defendant transmitted text messages to cellular phone users—including Plaintiff and the other members of the putative Class—to promote Defendant's products.

20.     Defendant holds itself out as "the world's largest technology provider dedicated to small business."

https://aboutus.godaddy.net/newsroom/fact-sheet/default.aspx. Among its services, Defendant states that it "provide[s] the world's largest domain marketplace," and that it also "provide[s] website creation, hosting & design, ecommerce for small business, security & domains." *Id.*

21.     In June 2011, Plaintiff created an account with Defendant to register a domain name and to host the website for his business on Defendant's servers.

22.     As part of creating his account, Defendant did not ask Plaintiff's permission, or provide the required disclosures in order to send him text messages.

1    23.    On or about December 15, 2015, Plaintiff received the following

2  text message from Defendant:



24.    Defendant's text message purportedly originated from telephone

number, 33898. This telephone number is known as a "short code," which is

a special type of number commonly used in advertisements and in

connection with automated services.

25.    Plaintiff did not expressly consent to receive Defendant's

autodialed telemarketing calls to his cell phone within the meaning of the

TCPA.

26.     Further, Defendant never clearly and conspicuously disclosed to Plaintiff that he was consenting to receiving automated text calls and that he was not required to consent to such calls in order to purchase Defendant's property, goods, or services.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this lawsuit as a class action on behalf of himself and all other similarly-situated persons (the "Class"). The Class is initially defined as follows: "All persons in the United States who received one or more unsolicited text messages sent by or on behalf of GoDaddy after October 15, 2013." (Plaintiff reserves the right to change the class definition during this litigation.) Specifically excluded from the Class are the following persons: (a) Defendant and its respective affiliates, employees, officers, directors, agents, and representatives and their immediate family members; (b) Class Counsel, including all of their employees; and (c) the judges who preside over this litigation, including the members of their immediate families.

28.     This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, and adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the Class's

8

claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

29. **Numerosity/Impracticality of Joinder**: On information and belief, the Class is so numerous that joinder of all Class members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendant's records or the records of third parties. On information and belief, the Class includes thousands of persons nationwide.

30. **Ascertainability:** The Class is clearly defined based on objective criteria, permitting Class members to be identified. On information and belief, the members of the Class may be identified from Defendant's records or the records of third parties.

31. **Commonality and Predominance**: There is a well-defined community of interest among the Class members and common questions of law and fact predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another and may be determined without

reference to the individual circumstances of any Class member, include, but are not limited to the following:

      a.     Whether Defendant violated the TCPA by sending unauthorized text messages to Plaintiff and the other members of the Class;

      b.     Whether the equipment Defendant used to send the text messages in question was an automatic telephone dialing system as defined by the TCPA;

      c.     Whether such messages were sent to telephone numbers assigned to cellular telephones;

      d.     Whether the means by which Defendant acquired Class members' cellular phone numbers was in a written agreement, bearing the signature of the person called;

      e.     Whether the means by which Defendant acquired Class members' cellular phone numbers clearly and conspicuously informed Class members they may receive advertisements or telemarketing messages by means of an automatic telephone dialing system;

      f.     Whether the means by which Defendant acquired Class members' cellular phone numbers clearly and conspicuously

informed Class members that they were not required to sign or enter into the agreement as a condition of purchasing any property, goods, or services;

g.      Whether Plaintiff and the other members of the Class are entitled to statutory damages under the TCPA;

h.      Whether Defendant's actions were knowing or willful and, if so, whether the Court should treble the statutory damages awarded to Plaintiff and the other members of the Class; and

i.      Whether Plaintiff and members of the Class are entitled to equitable relief, including but not limited to injunctive relief.

32.      **Typicality**: Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the other Class members received text messages from Defendant without providing their express written consent and without receiving the proper disclosures required by the TCPA. Under the facts of this case, because the focus is on Defendant's conduct, if Plaintiff prevails on his claims, then the other Class members must necessarily prevail as well.

33.      **Adequacy of Representation**: Plaintiff is an adequate representative of the Class because his interests do not conflict with those of

the Class members he seeks to represent. Plaintiff has retained financially able attorneys who are competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

34. **Superiority**: A class action is the superior method for the fair and efficient adjudication of this lawsuit because individual litigation of each Class members' claims would be economically infeasible and procedurally impracticable. The individual damages incurred by each Class member as a result of Defendant's wrongful conduct are too small to warrant the expenses of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual Class members do not have a significant interest in controlling the prosecution of separate actions. Furthermore, individualized litigation would create the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff foresees no difficulty in the management of this action as a class action. The Class members and

their damages may be determined based upon information maintained by or available to Defendant.

## COUNT I - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

35.    Plaintiff incorporates the preceding paragraphs as though fully alleged herein.

36.    The TCPA provides in pertinent part as follows:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

    . . .

        (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ….

47 U.S.C. § 227 (b) (1) (A) (iii).

37.    The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of ... goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

38.    The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

39.    Before sending a text message, the party sending the text message must obtain "prior express consent" from the called party. "Prior express consent" must:

- Be in the form of an agreement in writing, bearing the written or electronic signature of the person providing consent;

- Specify the telephone number to which the person is consenting to be called;

- Clearly and conspicuously authorize the company to call the person using an auto-dialer system or prerecorded message for telemarketing purposes; and

- Clearly and conspicuously disclose that consent is not a condition of purchasing goods or services.

27 C.F.R. § 64.1200(f)(8).

40.    Defendant made telephone solicitations, including but not limited to the text message shown above (¶23), to the wireless telephone numbers of Plaintiff and other members of the Class.

41.    Defendant sent unsolicited commercial text calls to Plaintiff and the other members of the Class using an automated telephone dialing system.

42.    Defendant sent these text calls without first obtaining the called parties' prior express, written consent.

43.    Defendant knew or should have known that it lacked the recipients' express, written consent to send these text calls.

44.    Defendant sent these text calls without first clearly and conspicuously disclosing to the recipients that they were providing consent to receive calls using an automatic telephone dialing system or an artificial prerecorded voice and that such consent was not required to purchase Defendant's property, goods, or services.

45.    Defendant violated the TCPA by sending these text calls to Plaintiff and the Class without first obtaining their prior express consent.

46.    Defendant violated the TCPA by not providing the required clear and conspicuous disclosures to Plaintiff and the Class.

47.    Defendant has harmed consumers by sending these text messages, not only because consumers were subjected to the aggravation that accompanies unsolicited wireless spam, but also because many consumers pay to receive text messages.

48.    The text messages sent to Plaintiff and the Class members were sent using equipment that had the capacity to store telephone numbers retrieved from Defendant's database and to dial such numbers. The equipment can also be programmed to generate and dial random or sequential numbers. By using such equipment, Defendant was able to send text messages simultaneously to thousands of wireless telephone numbers en masse without human intervention.

49.    The text calls were made through the use of a short code dialing service and without the prior express written consent of Plaintiff and the Class members and without first providing the required disclosures.

50.    Defendant's conduct in sending such text messages violates 47 U.S.C. § 227(b)(1)(A)(iii).

51.    Defendant's conduct in sending these text messages was a knowing and willful violation of 47 U.S.C. § 227.

52.    As a result of Defendant's violation, the members of the Class suffered actual damages by, *inter alia*, having to pay their respective

16

wireless carriers for the text messages where applicable and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the TCPA, and up to $1,500.00 for each if Defendant's violations of the TCPA are determined to be knowing or willful.

53.   The Court should enjoin Defendant from sending future text messages without the written consent of the called party.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in favor of the Class and against Defendant as follows:

a.   That the Court find that this case may be maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

b.   That the unlawful conduct alleged herein be declared to be illegal and in violation of the TCPA;

c.   That the Court award $500.00 in statutory damages for each violation of the TCPA;

d.   That the Court treble the statutory damages if it concludes that Defendant's violations were willful or knowing;

17

e.      That the Court enter an injunction prohibiting Defendant from engaging in the same or similar practices alleged herein;

f.      That the Court enter judgment against Defendant and in favor of Plaintiff and members of the Class;

g.      That Plaintiff and members of the Class recover their costs of the suit, and attorneys' fees as allowed by law; and

h.      That the Court award all other relief allowed by law or equity.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

JOHN HERRICK, individually and as the representative of a class of similarly-situated persons,

By:     /s/ Trinette G. Kent

Phillip A. Bock
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Tel: (312) 658-5500
Fax: (312) 658-5555

Trinette G. Kent
Kent Law Offices
10645 N. Tatum Blvd., Ste. 200-192
Phoenix, AZ 85028
Telephone: 480-247-9644
Fax: 480-717-4781