Paula L. Zecchini, AZ Bar No. 031880
Aaron M. McKown (admitted *pro hac vice*)
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: (206) 340-1000
Facsimile: (206) 621-8783
E-Mail: pzecchini@cozen.com
amckown@cozen.com

Attorneys for Defendant
GODADDY.COM, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN HERRICK, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, LLC,<br><br>Defendant. | Case No.: 2:16-cv-00254-DJH<br><br>**DEFENDANT GODADDY.COM, LLC'S RENEWED MOTION TO DISMISS**<br><br>Complaint Filed: August 10, 2016<br>Trial Date: None Set. |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant GoDaddy.com, LLC ("GoDaddy") will and hereby does move this Court for an order pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure dismissing the Amended Complaint of Plaintiff John Herrick, individually and as the purported representative of an alleged class of similarly situated persons, (collectively "Plaintiff"), *with prejudice*.

This Motion is made on the ground that the Amended Complaint fails to allege facts sufficient to establish standing under Article III of the United States Constitution and therefore, this Court's subject matter jurisdiction, as required by the Supreme Court's decision in *Spokeo, Inc. v Robins*, 136 S. Ct. 1540 (2016), which held that an alleged statutory violation alone is not sufficient to establish the injury-in-fact requirement of Article III. This Motion is based upon this Notice, the Memorandum of Points and Authorities, all pleadings and documents concerning this matter contained in the Court's file, any other matters of which this Court may take judicial notice, and such further evidence and oral argument as may be presented at the hearing of this Motion.

Dated: January 24, 2017

**COZEN O'CONNOR**

By: */s/ Paula L. Zecchini*
Paula L. Zecchini
Attorneys for Defendant
GODADDY.COM, LLC

# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 2

II. LEGAL STANDARD ............................................................................................ 5

III. ANALYSIS ............................................................................................................ 5

   A. Plaintiff Has Not Met His Burden to Demonstrate Article III Standing Under *Spokeo* because He Cannot Prove He Suffered an Injury in Fact .................................................. 6

   B. Recent Case Law Supports the Dismissal of Plaintiff's Amended Complaint ........... 9

IV. CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Arizona v. City of Tucson*,
  761 F.3d 1005 (9th Cir. 2014) ............................................................................ 9

*Arizonans for Official English v. Arizona*
  520 U.S. 43, 64 (1997) ........................................................................................ 5

*Caldwell v. Caldwell*,
  545 F.3d 1126, 1134 (9th Cir. 2008) ................................................................ 14

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115, 1122 (9th Cir. 2010) .................................................................. 5

*Ewing v. SQM US, Inc.*,
  Case No.: 3:16-CV-1609-CAB-JLB, 2016 WL 5846894 (C.D. Cal. Sept. 29 2016) ...... 10

*Gladstone, Realtors v. Village of Bellwood*,
  441 U.S. 91, 100 (1979) ...................................................................................... 6

*Godbehere v. Phoenix Newspapers, Inc.*,
  162 Ariz. 335 (1989) .......................................................................................... 8

*Juarez v. Citibank*,
  Case No. 16-cv-01984-WHO, 2016 WL 4547914, *2-3 (E.D. Cal. August 23, 2016) ... 13

*Kosmayer Constr. LLC v. Port Pipe & Tube, Inc.*,
  No. 2:16-cv-01012, 2016 U.S. Dist. LEXIS 145947, at *7 (W.D. La. Oct. 19, 2016) .... 10

*Lewis v. Casey*,
  518 U.S. 343, 357 (1996) .................................................................................... 5

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 560 (1992) ............................................................................ 5, 6, 7

*Raines v. Byrd*,
  521 U.S. 811, 820 n. 3 (1997) ............................................................................. 6

*Romero v. Department Stores National Bank*, et al.,
  No. 15-CV-193 (S.D. Cal. Aug. 5, 2016) .................................................... 10, 12

*Sartin v. EKF Diagnostics, Inc.*,
  No. 16-1816, 2016 WL 3598297 (E.D. La. July 5, 2016) ................................ 10

*Smith v. Aitima Med. Equip., Inc.*,
  2016 U.S. Dist. LEXIS 113671 (C.D. Cal. July 29, 2016) ...................... 10, 11, 14

*Spokeo, Inc. v Robins*,
  136 S. Ct. 1540 (2016) ........................................................................ 4, 5, 6, 7, 8

*Summers v. Earth Island Institute*,
  555 U.S. 488, 497 (2009) .................................................................................. 6, 7

*Supply Pro Sorbents, LLC v. Ringcentral, Inc.*,
  No. C 16-02113 JSW, 2016 WL 5870111, at *3 (N.D. Cal. Oct. 7, 2016) ...................... 9

*Susinno v. Work Out World*,
  No., 3:15-cv-5881 (D.N.J. Aug. 1, 2016) ......................................................... 10, 11, 12

*Valencia v. Duval Corp.*,
  132 Ariz. 348, 350 (1982) ...................................................................................... 8, 9

*Vazquez v. Triad Media Sols., Inc.*,
  No. 15-cv-07220 (WHW) (CLW), 2016 U.S. Dist. LEXIS 143937, at *7 n.1 (D.J.N. Oct. 18, 2016) .......................................................................................................... 10

**STATUTES**

47 U.S.C § 227(b)(3)(A)-(C) ........................................................................................ 7

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Art. III, § 2, cl. 1. ......................................................................................... 5

## I. INTRODUCTION

This lawsuit arises from Plaintiff John Herrick's ("Plaintiff") receipt of a single text message as a result of his inclusion in the first and only text marketing campaign engaged in by Defendant GoDaddy.com, LLC ("GoDaddy"). Plaintiff and the other marketing campaign participants—a group representing less than .0066% of GoDaddy's 13 million customers—received this text message because they affirmatively opted-in to receive such messages via their online account preferences. Despite this fact, Plaintiff filed this class action lawsuit under the Telephone Consumer Protection Act, codified at 47 U.S.C. section 227 (the "TCPA"), seeking over $5,000,000 in damages and attempting to certify a class of persons who received what Plaintiff speciously describes as "unlawful text messages" from GoDaddy.

Although Plaintiff attempts to paint GoDaddy as a serial TCPA-violator run amok, the truth is much more benign, and the alleged harm to Plaintiff non-existent. Notably absent from the Amended Complaint are any allegations of concrete harm suffered by Plaintiff. As a result, Plaintiff fails to present this Court with facts sufficient to establish standing under Article III of the United States Constitution and therefore, this Court's subject matter jurisdiction, as required by the Supreme Court's decision in *Spokeo, Inc. v Robins*, 136 S. Ct. 1540 (2016). The holdings of *Spokeo* and its progeny support the dismissal of claims involving the receipt of only a single communication with no allegation of actual harm, as alleged here, due to the demonstrable absence of an "injury in fact" to support Article III standing.

Absent factual allegations to support the existence of a concrete injury, Plaintiff cannot maintain this lawsuit on behalf of himself, let alone the proposed class. Because Plaintiff failed to allege facts demonstrating Article III standing, and

as such, this Court's subject matter jurisdiction, GoDaddy respectfully requests the Court dismiss the Amended Complaint *with prejudice*.

## II. LEGAL STANDARD

To bring suit in federal court, a party must meet the standing requirements of Article III of the Constitution. Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547. The "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547.

Once a defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "[t]he plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*; *see Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The plaintiff carries that burden by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached. *Lujan*, 504 U.S. at 561.

## III. ANALYSIS

Plaintiff maintains the burden to prove he has Article III standing. *Lewis v. Casey*, 518 U.S. 343, 357 (1996). "Article III, Section 2 of the United States Constitution restricts federal court jurisdiction to resolving cases and controversies. Standing to sue or defend is an aspect of the case or controversy requirement." *Arizonans for Official English v. Arizona* 520 U.S. 43, 64 (1997); U.S. Const. Art. III, § 2, cl. 1. To meet the "case and controversy" requirement of Article III, a plaintiff must allege an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural

or hypothetical." *Lujan*, 504 U.S. at 560. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo*, 136 C. Ct. at 1547.

"Injury in fact is a constitutional requirement, and 'it is settled that Congress cannot erase Article III's standing requirement by statutorily granting the right to sue to plaintiffs who would not otherwise have standing." *Spokeo*, 136 S. Ct. at 1548 (*citing Raines v. Byrd*, 521 U.S. 811, 820 n. 3 (1997)); *Summers v. Earth Island Institute*, 555 U.S. 488, 497 (2009); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("In no event . . . may Congress abrogate the Article III minima."). Plaintiff has failed to allege an injury in fact, and therefore lacks standing to maintain its solitary TCPA claim in this Court.

### A. Plaintiff Has Not Met His Burden to Demonstrate Article III Standing Under *Spokeo* because He Cannot Prove He Suffered an Injury in Fact

As set forth above, "[i]njury in fact is a constitutional requirement, and 'it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo*, 136 S.Ct. at 1548. To qualify as a party with standing to litigate, a person must show, first and foremost, "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent." *Lujan*, *supra*, 504 U.S. at 560. As the *Spokeo* court explained:

> In the context of this particular case, these general principles tell us two things: On the one hand, Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk. On the other hand, Robins cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of

> harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Spokeo*, 136 S.Ct. at 1550.

As relevant in the instant action, the TCPA permits a private right of action to either: (1) enjoin the violation; (2) recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (3) both. See 47 U.S.C § 227(b)(3)(A)-(C). Traditionally, plaintiffs have interpreted this statute to confer a statutory right to sue when the statute is violated, even if the plaintiff never suffered an actual, concrete loss. The Supreme Court in *Spokeo* rejected that proposition in the context of Article III standing:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Spokeo*, 136 S.Ct. at 1549; *see also Summers*, *supra*, 555 U.S. at 496 ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation...is insufficient to create Article III standing"); *Lujan*, *supra*, 504 U.S. at 572. "[T]he injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized.'" *Spokeo*, 136 S.Ct. at 1545.

In *Spokeo*, the plaintiff alleged a violation of the Fair Credit Reporting Act by claiming that the defendant disseminated false information about him. While the conduct complained of amounted to a technical violation of the statute, the Court held that the violation did not, on its own, satisfy the injury requirement. *Spokeo*, 136 S.Ct. at 1550. Here, as in *Spokeo*, Article III standing is precluded by the fact that Plaintiff's claim asserts nothing more than a "bare procedural violation divorced

from any concrete harm." *Id.* at 1549. Plaintiff alleges that GoDaddy technically violated the TCPA by sending him a single text message in the absence of consent. *See* Amended Complaint (Am. Compl.) at ¶ 28. Plaintiff does not, however, claim that he suffered an actual injury as a result of receiving the single text message at issue; indeed, not a single allegation in the original or Amended Complaint references any harm or damage caused to Plaintiff by GoDaddy. *See generally*, Am. Compl. Instead, Plaintiff baldly alleges that GoDaddy "harmed consumers by sending these text messages[1] . . . because many consumers pay to receive text messages." Am. Compl. at ¶ 54. Notably, Plaintiff never alleges that he incurred any fee from his wireless carrier for receiving the text message at issue, again simply alleging that "the members of the [purported] class suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for the text message where applicable." Am. Compl. ¶ 59. Such conclusory allegations, however, do nothing to support the existence of a concrete injury-in-fact suffered by the purported class members let alone one suffered by Plaintiff.

Plaintiff may additionally contend that the single message at issue resulted in a concrete injury because the text allegedly caused him to suffer harm in the form of invasion of privacy or intrusion upon his telephone lines. This argument flounders because invasion of privacy requires, among other things, (a) the public disclosure of private facts and (b) that the matter made public must be highly offensive and objectionable to a reasonable person. *See Valencia v. Duval Corp.*, 132 Ariz. 348, 350 (1982), overruled on other grounds in *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335 (1989). GoDaddy is not alleged to have publicly disclosed any private facts about Plaintiff and, furthermore, nowhere in Plaintiff's failed attempts to allege

---

[1] Although Plaintiff admits that he only received a single text message from GoDaddy, the Amended Complaint repeatedly frames the allegations related to GoDaddy's alleged communication in the plural in a transparent attempt to portray a systemic issue as opposed to the reality that Plaintiff's lawsuit is based on a single alleged incident.

a concrete harm has he asserted facts that could possibly support the notion that the receipt of a single text message is highly offensive to a reasonable person.

Any attempt to analogize the receipt of a text message to a nuisance under the common law also comes to naught. An action for nuisance is restricted to invasions of interest in the use and enjoyment of land, but Plaintiff does not allege any invasion of his interest in land. *Arizona v. City of Tucson*, 761 F.3d 1005 (9th Cir. 2014). Plaintiff's attempted analogy to the tort of inclusion upon seclusion is similarly unavailing. *See Valencia*, 132 Ariz. at 350 (1982); *Supply Pro Sorbents, LLC v. Ringcentral, Inc.*, No. C 16-02113 JSW, 2016 WL 5870111, at *3 (N.D. Cal. Oct. 7, 2016) (holding that the receipt of an unsolicited fax cover sheet with a single printed line was not a privacy intrusion sufficient to rise to the level of injury that is required under the standing doctrine). Sending a text message to someone's phone, without more, such as harassment, abuse, or fraud, simply does not constitute wrongful interference with the owner's use of the phone. *See id.* Despite his bald recitation of common law causes of action, Plaintiff simply fails to allege any harm like those underlying the traditional tort claims under American and English law. Rather, Plaintiff alleges, at most, a bare procedural violation of 47 U.S.C § 227(b)(1)(A)(iii), which is insufficient to confer standing under Article III.

### B. Recent Case Law Supports the Dismissal of Plaintiff's Amended Complaint

Several courts have dismissed claims similar to the one asserted by Plaintiff where, as here, the only "harm" alleged as a result of receiving a single marketing call or text was "in the form of 'multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.'" *See e.g.*, *Smith v. Aitima Med. Equip. Inc.*, No. 16-0339,

2016 U.S. Dist. LEXIS 113671, at *11 (C.D. Cal. July 29, 2016) (dismissing complaint with near verbatim allegations of "harm" to those asserted by Plaintiff here); *Kosmayer Constr. LLC v. Port Pipe & Tube, Inc.*, No. 2:16-cv-01012, 2016 U.S. Dist. LEXIS 145947, at *7 (W.D. La. Oct. 19, 2016) (holding a bare procedural TCPA violation and general references to damages contemplated by Congress are insufficient to establish Article III standing); *Vazquez v. Triad Media Sols., Inc.*, No. 15-cv-07220 (WHW) (CLW), 2016 U.S. Dist. LEXIS 143937, at *7 n.1 (D.J.N. Oct. 18, 2016) (noting that district courts in the Ninth Circuit have held a violation of the TCPA itself is not an injury for the purposes of standing); *Ewing v. SQM US, Inc.*, Case No.: 3:16-CV-1609-CAB-JLB, 2016 WL 5846894 (C.D. Cal. Sept. 29 2016) (holding plaintiff did not have standing for failing to allege the connection between the incurred charge and defendant's alleged use of an automatic dialer); *Romero v. Department Stores National Bank*, et al., No. 15-CV-193 (S.D. Cal. Aug. 5, 2016) (dismissing TCPA claim based on failure to allege an injury in fact traceable to the defendants' violation of the TCPA as required for Article III standing); *Susinno v. Work Out World*, No., 3:15-cv-5881 (D.N.J. Aug. 1, 2016) (dismissing single call TCPA claim based on failure to allege actual or concrete damage as required for Article III standing); *Smith v. Aitima Med. Equip., Inc.,* 2016 U.S. Dist. LEXIS 113671 (C.D. Cal. July 29, 2016) (dismissing two-call TCPA claim based on failure to allege actual or concrete damage as required for Article III standing); *Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, 2016 WL 3598297 (E.D. La. July 5, 2016) (dismissing single fax TCPA claim based on failure to allege actual or concrete damage as required for Article III standing).

These courts have reasoned that the receipt of a solitary call or text causes at most a *de minimis* injury that does not constitute a concrete injury as required by the

Supreme Court's recent decision in *Spokeo*.[2] A thorough review of these cases are instructive. For example, in *Smith*, the plaintiff alleged that she received one telemarketing call that the defendant had placed using an automatic telephone dialing system without her consent. *See Smith*, 2016 U.S. Dist. LEXIS 113671, at *3. Aside from a bare statutory violation, the plaintiff's alleged harm consisted of aggravation, invasion of privacy, and "electrical charges" (which, the plaintiff explained at oral argument, was a reference to recharging her cellphone battery). *See id.* The defendant moved to dismiss and argued that the plaintiff lacked Article III standing because she had not alleged a concrete injury. In deciding the issue, the court focused on "whether Plaintiff's alleged harm resulting from a single phone call is sufficient to confer standing." *Id.* at *11. After discussing Congress' purpose in enacting the TCPA, which was focused on "the injury <u>multiple</u> phone calls can cause," the court found that "[a]ny depletion of Plaintiff's battery, or aggravation and nuisance, resulting from only one call, [wa]s a *de minimis* injury" and insufficient to confer Article III standing as a matter of law. *Id.* at *13 (emphasis added). Because it was undisputed that the plaintiff had only received one call, the plaintiff could not amend the complaint to cure the lack of standing.

Simiarly, in *Susinno*, the plaintiff's counsel conceded at oral argument that his client had only received a single call but argued that that fact was not relevant to whether there was Article III standing. *See* Hearing on Motion to Dismiss at 21:8-26:8, *Susinno v. Work Out World, Inc.*, No. 15-5881 (D.N.J. Aug. 1, 2016). The court disagreed. It discussed the various purposes behind the TCPA, including

---

[2] Plaintiff attempts to rely upon the text messages received by other proposed class members in order to support his own claim of Article III standing. His effort is to no avail because an aggregate-harm approach conflicts with the general rule that a plaintiff must first have a valid cause of action in his own right before he can proceed to represent a class. *See Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 614 (N.D. Ill. 2009). "Cumulative allegations of a putative class in a complaint cannot be used to prop up an otherwise trivial claim that is unable to stand on its own." *Id.*

preventing callers from tying up phone lines and protecting consumers from the invasion of privacy that can be caused by repeated calls. *See id.* It then found that, in enacting the TCPA, Congress was concerned with preventing the proliferation of multiple calls as opposed to the receipt of a single telemarketing phone call. *See id.* Because the plaintiff had received only a single, one-minute call, the court found that the harm caused by any aggravation or loss of battery life was *de minimis*, and did not amount to the concrete harm needed to confer Article III standing. *See id.*

Finally, in *Romero*, the court dismissed the plaintiff's TCPA claim due to a lack of Article III standing. The court began by finding that the plaintiff did not have standing to complain about calls that she had not answered or otherwise known about. *See Romero*, 2016 U.S. Dist. LEXIS 110889, at *14. As for the two calls that the plaintiff had allegedly answered, the court rejected her argument that she had "suffered the exact injuries that the TCPA was intended to correct." *Id.* at *15. On the contrary, the court found that "[t]he harm identified by Congress was based on the quantity of calls consumers were receiving from telemarketers," and that "Congress did not claim that the receipt of one solitary telephone call that was made using an ATDS, viewed in isolation and without regard to the identity of the caller or reason for the call, causes harm." *Id*. at *16-17. The court deemed it circular "to hold that a plaintiff who receives a call on his cell phone that violates the TCPA has suffered a concrete injury simply because the call violated the TCPA. . . . Under *Spokeo*, if the defendant's actions would not have caused a concrete, or de facto, injury in the absence of a statute, the existence of the statute does not automatically give a Plaintiff standing." *Id*. at *19.

It is notable that recent decisions allowing TCPA claims to proceed beyond the pleadings stage differentiate between situations where a plaintiff alleges the receipt of a single call/text versus multiple calls or texts. *See Juarez v. Citibank*,

1  Case No. 16-cv-01984-WHO, 2016 WL 4547914, *2-3 (E.D. Cal. August 23, 2016).
2  In allowing the matter to proceed beyond the pleadings stage, the court in *Juarez*
3  found persuasive the allegations that the bank at issue had supposedly made
4  voluminous calls to the individual even after the individual supposedly requested
5  that the bank stop calling him because he was not the debtor—a situation certainly
6  not presented by this matter. *Id*. The court, however specifically warned that not just
7  any alleged violation of the TCPA will necessarily give rise to Article III standing:
8  "[t]his does not mean any violation of the TCPA will necessarily give rise to Article
9  III standing–for example calls made to a neglected phone that go unnoticed or calls
10 that are dropped before they connect may violate the TCPA but not cause any
11 concrete injury." *Id*. at *3 (N.D. Cal. Sept. 1, 2016).
12      Plaintiff is hard-pressed to demonstrate the harmful and invasive nature of the
13 single text message at issue given the fact that he did not opt-out of receiving text
14 messages from GoDaddy upon the receipt of the December 15, 2014 text message.
15 Plaintiff does not allege that he replied STOP to the text message at issue, nor that
16 he accessed his customer account preferences and changed his text status from YES
17 to NO. *See generally*, Am. Compl. Certainly, discovery adduced to date bars
18 Plaintiff from amending to include such an allegation. It also sheds light on the
19 veracity of Plaintiff's allegation of harm: by his own admission, Plaintiff accessed
20 his GoDaddy preferences on December 16, 2015, saw that his text message
21 preference was set to YES, and rather than changing the preference to NO, remained
22 opted-in. GoDaddy manually opted Plaintiff out of text messages once the
23 Complaint was filed. If the single text message at issue caused Plaintiff the alleged
24 level of trauma, it is inexplicable that Plaintiff declined to change his opt-in status—
25 especially after having taken the time to access his online account and print a copy
26 of the communication preference page showing him as opted-in.

Plaintiff's belated attempt to construct concrete harm from allegations of "aggravation [caused to] *some* consumers" does nothing to save his claim in the absence of actual harm. *See* Am. Compl. at ¶ 54. Although some courts have found allegations of "aggravation or nuisance" resulting from "systemic rather than episodic" unauthorized conduct to be more than a *de minimis* injury—and thus sufficient to confer Article III standing—Plaintiff has failed to allege anything more than the receipt of single text message "that surely cannot be considered systematic." Smith, 2016 U.S. Dist. LEXIS 113671, *13. Any "aggravation [or] nuisance, resulting from only one [text message], is a *de minimis* injury . . . 'too *de minimis* to satisfy the standing doctrine's aim of improving judicial decision-making by ensuring that there is a specific controversy before the court and there is an advocate with sufficient personal concern to effectively litigate the matter.'" *Id.* (citing *Caldwell v. Caldwell*, 545 F.3d 1126, 1134 (9th Cir. 2008)). "Nor can [Plaintiff] amend the Complaint to allege more than a *de minimis* injury given the fact that [he] received only one [text]. *Id.*

## IV. <u>CONCLUSION</u>

Plaintiff failed to plead facts to meet Article III's injury-in-fact requirement, as interpreted by the Supreme Court in *Spokeo*. Plaintiff does not plead actual injury or a risk of actual injury stemming from the single text message at issue. Plaintiff does not seek actual damages; he requests only statutory damages. Plaintiff does not allege that he incurred a charge for any text messages. Nor does he allege any real risk of harm stemming from GoDaddy's purported violations. Rather, Plaintiff presents only a "bare procedural violation, divorced from any concrete harm." As such, GoDaddy respectfully requests that the Court dismiss Plaintiff's Amended Complaint *with prejudice* pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated: January 24, 2017

**COZEN O'CONNOR**

By: */s/ Paula L. Zecchini*
Paula L. Zecchini
Attorneys for Defendant
GODADDY.COM, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Arizona that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Phillip A. Bock<br>Tod A. Lewis<br>James M. Smith<br>**BOCK, HATCH, LEWIS &<br>OPPENHEIM, LLC**<br>134 N LaSalle Street, Suite 1000<br>Chicago, IL 60602<br>phil@classlawyers.com<br>tod@classlawyers.com<br>jim@classlawyers.com | Trinette G. Kent<br>**KENT LAW OFFICES**<br>10645 N Tatum Boulevard,<br>Suite 200-192<br>Phoenix, AZ 85028<br>tkent@kentlawpc.com |

*Attorneys for Plaintiff John Herrick*

SIGNED AND DATED this 24th day of January, 2017 at Seattle, Washington.

COZEN O'CONNOR

By: */s/ Paula L. Zecchini*
      Paula L. Zecchini